**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DAVID C. IMHOFF,            )
                Plaintiff,    )
                       )    Civil Action No. 14-45
     vs.              )    Nora Barry Fischer/
                       )    Magistrate Judge Maureen P. Kelly
JUDGE JOHN DISALLE, *Washington*  )
*County Courthouse,*          )
                Defendant.   )

## REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that, pursuant to the screening provisions of the Prison Litigation Reform Act, Plaintiff's Complaint be dismissed before being served because the Complaint fails to state a claim upon which relief can be granted.

## II. REPORT

David C. Imhoff ("Plaintiff") is currently incarcerated at the Washington County Jail. Plaintiff has filed a civil rights complaint (the "Complaint") naming one Defendant, i.e., the Honorable John DiSalle, a judge of the Court of Common Pleas of Washington County. Plaintiff makes one claim. Plaintiff claims that Judge DiSalle, who is presiding over Plaintiff's criminal proceedings, violated Plaintiff's constitutional rights to due process when Judge DiSalle permitted Plaintiff's attorney to withdraw but failed to appoint new counsel thereafter and when Judge DiSalle failed to rule on motions filed by Plaintiff.

It is recommended that the Complaint be dismissed for failure to state a claim before service because Judge DiSalle is entitled to absolute judicial immunity, or, in the alternative, because this case is barred by the Rooker-Feldman doctrine.

## A.  RELEVANT PROCEDURAL HISTORY

At the time of the initiation of this civil action, Plaintiff was a prisoner at the Washington County Jail.   Plaintiff is proceeding *pro se*.  Plaintiff's Motion for Leave to Proceed In Forma Pauperis (the "IFP Motion"), was granted. ECF No. 5.  Thereafter, Plaintiff's Complaint was filed.  ECF No. 6.

## B.  APPLICABLE LEGAL PRINCIPLES

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners, in an effort to curb the increasing number of frivolous and harassing lawsuits brought by persons in custody.   The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious.  See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  Because Plaintiff is a prisoner who has been granted IFP status, and/or because Plaintiff is a prisoner suing government employees, the screening provisions of the PLRA apply.  See 28 U.S.C. §1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that − (A) the allegation of poverty is untrue;  or (B) the action or appeal − (i) is frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."); 28 U.S.C. § 1915A ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

In performing the Court's mandated function of sua sponte review of complaints under 28 U.S.C. §§ 1915(e) and 1915A to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Brodzki v. Tribune Co., 481 F. App'x 705 (3d Cir. 2012) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) ("the legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions.").

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Under this standard, the court must, as a general rule, accept as true all factual allegations of the complaint and all reasonable inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). Moreover, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by, 275 F.3d 1187 (9th Cir. 2001). The court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See

3

California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004)

(citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  In addition, the

Court does not need to accept legal conclusions set forth as factual allegations.  Twombly, 550

U.S. at 555 (quoting Papasan v. Allain, 478 U.S.  265, 286 (1986)).

     The question to be resolved is: whether, taking the factual allegations of the Complaint,

which are not contradicted by the exhibits and matters of which judicial notice may be had, and

taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the

complaint, are the "factual allegations . . . enough to raise a right to relief above the speculative

level, on the assumption that all the allegations in the complaint are true even if doubtful in

fact[.]"  Twombly, 550 U.S. at 555.  Or put another way, a complaint may be dismissed pursuant

to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not

plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

     Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the

Complaint, employing less stringent standards when considering pro se pleadings than when

judging the work product of an attorney.  Haines v. Kerner, 404 U.S. 519 (1972).

## C.  DISCUSSION

     Plaintiff utilized the civil rights form complaint provided by the Clerk's Office.  The

complete factual allegations of set forth in the Complaint are as follows:

> Judge DiSalle, on 10-31-13 allowed my lawyer to withdraw from my case [and]
> did not appoint new counsel as of yet or address Rule 600 motions I filed.  I have
> been locked up since 4-24-13 [and] I have not been brought to trial [and] have no
> lawyer since October.

ECF No. 6 at 2, ¶ IV.C.  In response to the question as to which federal law does Plaintiff claim

was violated, Plaintiff replied, "due process."  Id., ¶ III.  By way of relief, Plaintiff seeks "new

court appointed conflict counsel immediately [and a] hearing on Rule 600[.]" ECF No. 6 at 3, ¶ VI.

### 1. Judge DiSalle is Entitled to Absolute Judicial Immunity

Plaintiff is attempting to sue Judge DiSalle for actions that Judge DiSalle took in connection with his presiding over Plaintiff's criminal proceedings, *i.e.*, granting leave to withdraw to Plaintiff's criminal defense attorney and, allegedly not appointing another new attorney, in addition to not ruling on motions that Plaintiff filed. However, these claims are clearly barred by the doctrine of judicial immunity.

The doctrine of judicial immunity bars civil suits against judicial officers who are acting in their judicial capacity, i.e., whose challenged actions are taken in the course of their judicial activities and whose actions are not lacking jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam). Moreover, the doctrine of judicial immunity renders a judge not only immune from damages but also immune from suit. Id., at 11 ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Here, the Complaint makes clear that the actions and inactions taken by Judge DiSalle complained of by the Plaintiff were actions or inactions taken in Judge DiSalle's judicial capacity. Even allegations of procedural irregularities, failures to comply with the law or acting in bad faith are not sufficient to overcome absolute judicial immunity. Figueroa v. Blackburn, 208 F.3d 435 (3d Cir. 2000) (failure to comply with state court rule did not strip judge of immunity). Not even allegations that a judge took an otherwise judicial action in bad faith or maliciously is sufficient to pierce judicial immunity. Mireles, 502 U.S. at 11 ("judicial immunity is not overcome by allegations of bad faith or malice"). Because Judge DiSalle enjoys absolute judicial immunity for appointing or not appointing counsel and for ruling or not ruling of motions before him in Plaintiff's criminal

proceedings, the Complaint must be dismissed pursuant to the screening provisions of the PLRA

for failure to state a claim upon which relief can be granted.  See, e.g., Tinsley v. Singleton,

Civ.A. No. 8:08-532, 2008 WL 759082, at *2 (D.S.C. March 20, 2008) ("Defendant Norton's

activities in setting bond and ruling on motions to suppress evidence and/or to release seized

property are performed as part of his judicial duties. As such, Norton's performance of those

duties are protected from damage claims under the doctrine of absolute judicial immunity.").[5]

---

[5]  To the extent that the Plaintiffs' requested relief can be construed as a request for injunctive
relief against Judge DiSalle, such claims for injunctive relief are likewise subject to the bar of
judicial immunity.  What the court held in Fox v. Lee is equally applicable here:

> Section 1983 precludes injunctive relief against a judicial officer "for an act or
> omission taken in such officer's judicial capacity ... unless a declaratory decree
> was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff's
> complaint does not allege that either of these prerequisites to injunctive relief
> were met, and therefore his claim for injunctive relief is dismissed as well. *See
> Montero v. Travis*, 171 F.3d 757, 761 (2d Cir.1999) (holding injunctive relief
> against a quasi-judicial official is barred if the plaintiff fails to allege a violation
> of a declaratory decree or the unavailability of declaratory relief); *Ackermann v.
> Doyle*, 43 F.Supp.2d 265, 273 (E.D.N.Y.1999) (dismissing action against judicial
> officers because plaintiff failed to allege that a declaratory decree was violated or
> that declaratory relief was unavailable); *Reilly v. Weiss*, No. 97-CV-05883, 1998
> WL 1110695, at *1 n. 3 (D.N.J. June 15, 1998)(same).

Fox v. Lee, 99 F.Supp.2d 573, 575-76 (E.D. Pa. 2000).  Accord  Abulkhair v. Rosenberg, 457 F.
App'x 89, 90 (3d Cir. 2012) ("Therefore, '[b]ecause [Abulkhair] has not alleged that a
declaratory decree was violated or that declaratory relief is unavailable, and because the
injunctive relief sought ... does not address the actions of Judge [Rosenberg] other than in his
judicial capacity, his claim for injunctive relief is barred'").  Hence, any claims for injunctive
relief should be dismissed as well.

## 2. This Case is Barred By the Rooker-Feldman Doctrine

In the alternative, this case is barred by the <u>Rooker-Feldman</u> doctrine, which prohibits federal courts, other than the United States Supreme Court, from acting in an appellate capacity to state courts. As explained by the Court of Appeals for the Third Circuit:

> The *Rooker-Feldman* doctrine embodies the principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983): "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations or to evaluate constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'" *Marks v. Stinson*, 19 F.3d 873, 885 n. 11 (3d Cir.1994).

<u>Thomas v. Miner</u>, 317 F. App'x 113, 114 n.1 (3d Cir. 2008).

We find that the present suit requires this Court to, at the very least, "evaluate constitutional claims that are inextricably intertwined with the state court's [decisions]" in Plaintiff's criminal proceedings before Judge DiSalle. Specifically, Plaintiff's suit requires this Court to review Judge DiSalle's actions in allegedly denying him appointment of counsel and in allegedly failing to address Plaintiff's motions. Plaintiff's attempt to establish here that these actions by Judge DiSalle in Plaintiff's criminal proceedings violated his constitutional rights to due process runs afoul of the <u>Rooker</u>-<u>Feldman</u> doctrine because establishing such a claim here requires us to evaluate Plaintiff's constitutional claim of due process that is inextricably intertwined in Judge DiSalle's decisions in Plaintiff's state court criminal proceedings. Accordingly, the Complaint must be dismissed for failure to state a claim upon which relief can be granted based upon the <u>Rooker-Feldman</u> doctrine.

### III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that Plaintiff's Complaint be dismissed before being served because the Complaint fails to state a claim upon which relief can be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

s/Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Date: June 9, 2014

cc: The Honorable Nora Barry Fischer
United States District Judge

David C. Imhoff
Washington County Jail
100 West Cherry Avenue
Washington, PA 15301